T.C. Memo. 1998-191


UNITED STATES TAX COURT


ERNEST R. INFELISE AND ANN INFELISE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 15207-96.                    Filed May 26, 1998.


<u>Robert I. Ury</u>, <u>Edward A. Snyder</u>, and <u>Richard C. Gering</u>, for
petitioners.

<u>Donna C. Hansberry</u> and <u>Robert T. Little</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  On April 12, 1996, respondent issued a notice
of deficiency to Ernest and Ann Infelise.  In the notice,
respondent determined the following deficiencies in and additions
to petitioners' Federal income tax:

|      |            | Additions to Tax |           |
|------|------------|------------------|-----------|
| Year | Deficiency | Sec. 6653(b)     | Sec. 6661 |
| 1983 | $168,488   | $84,244          | $42,122   |
| 1984 | 64,130     | 32,065           | 16,033    |
| 1985 | 54,404     | 27,202           | 13,601    |
| 1986 | 122,711    | 92,033           | 30,678    |
| 1988 | 51,165     | 38,374           | 12,791    |

In their petition, filed on July 10, 1996, Ernest and Ann Infelise challenged respondent's determinations. After concessions, the only remaining issue is whether Mrs. Infelise is entitled, pursuant to section 6013(e), to innocent spouse relief. All section references are to the Internal Revenue Code in effect for the years in issue.

## FINDINGS OF FACT

Ann Infelise resided in Hollywood, Florida, when the petition was filed. On March 20, 1981, she had married Ernest Infelise, a reputed member of the Chicago organized crime community. Before and during their marriage, Mr. Infelise operated an extensive illegal gambling business that included sports bookmaking and a variety of card games. Shortly before their marriage, Mrs. Infelise attended a "going away party" for Mr. Infelise's partner, Mr. William Jahoda, who had been convicted of Federal income tax fraud and sentenced to 2 years in prison. At the party, and in Mrs. Infelise's presence, Mr. Infelise and Mr. Jahoda discussed how the gambling activities would be reorganized during Mr. Jahoda's incarceration.

During the years in issue, Mr. Infelise and Mr. Jahoda continued to operate and expand their gambling activities. Mr. Infelise's income from these activities totaled $368,000, $135,000, $110,000, $265,500, and $164,500 in 1983, 1984, 1985, 1986, and 1988, respectively. Mr. Jahoda managed the daily affairs of the business and reported to Mr. Infelise. They employed four men to collect debts and help run the daily operations.

During the years in issue, Mrs. Infelise knew that the Internal Revenue Service (IRS) was investigating Mr. Infelise's gambling activities. In 1983, IRS agents searched petitioners' home and seized cash, a radio scanner, and gambling records. In December of 1986, IRS agents investigated Mr. Infelise's gambling activities and raided Mr. Jahoda's home. At a dinner following the raid of Mr. Jahoda's home, Mrs. Infelise was present during a discussion between her husband and Mr. Jahoda relating to the effect the raid would have on the business. During the years at issue, Mrs. Infelise attended many other business and social functions with Mr. Infelise's associates.

During the years in issue, petitioners filed joint Federal income tax returns. The income from Mr. Infelise's gambling activities was not reported on these returns. In 1992, Mr. Infelise was convicted for, among other things, the false preparation and filing of Federal income tax returns relating to

the years in issue.  United States v. Infelise, 835 F. Supp. 1466, 1466 n.1 (N.D. Ill. 1993).


OPINION

Generally, spouses that file joint returns are jointly and severally liable with respect to the tax due.  Sec. 6013(d)(3). Mrs. Infelise may, however, be relieved from the general rule of joint and several liability if she establishes, by a preponderance of the evidence, each of the following:  (1) A joint Federal income tax return was filed; (2) on the return there is a substantial understatement of tax attributable to Mr. Infelise's grossly erroneous items; (3) in signing the return, she did not know, and had no reason to know, that there was a substantial understatement; and (4) it would be inequitable to hold her liable.  Sec. 6013(e)(1); Park v. Commissioner, 25 F.3d 1289, 1292 (5th Cir. 1994), affg. T.C. Memo. 1993-252; Flynn v. Commissioner, 93 T.C. 355, 359 (1989).

Mrs. Infelise contends that she did not know, and had no reason to know, that petitioners understated their income.  The record, however, controverts Mrs. Infelise's contention.  Mrs. Infelise knew that, during the years in issue, her husband operated an extensive gambling business and that the IRS searched her home for, and in fact seized, items relating to the business.

She regularly attended social functions with Mr. Infelise's business associates and was present during discussions relating to her husband's activities.  Mrs. Infelise is a highly intelligent woman and had reason to know that the joint returns she signed understated their income.  Accordingly, she is not entitled to the relief from liability that section 6013(e) affords.

To reflect the foregoing,

Decision will be entered

for respondent.